HOPKINS vs. HOPKINS. (Third Appeal.)

DIVORCE: CUSTODY OF CHILDREN. ALIMONY. *(1) Collusion between husband and wife to procure divorce, a fraud upon the court. (2) Effect of husband's agreement not to oppose divorce, not decided. (3) Burden of proof on party seeking to set aside divorce. (4) Courts limited to statutory powers in divorce cases. (5) Court can not give custody of children to stranger. (6) Amount of alimony.*

| 39 | 167 |
| 81 | 250 |
| 39 | 167 |
| 112 | 4318 |
| 39 | 167 |
| 60 LRA | 299n |

1. A collusive agreement between husband and wife to procure a divorce when no breach of matrimonial duty had been committed, would be a fraud upon the court.
2. Whether an agreement by the husband not to oppose the granting of the divorce to the wife, and to pay a stipulated sum for alimony, would be a fraud upon the law, and a sufficient ground for setting aside the divorce, is not here decided.
3. One who seeks to have a judgment of divorce set aside upon the ground of fraud or collusion in procuring it, has the burden of proof; and in this case the proof is insufficient.
4. Courts of law or equity in this country, in matters of divorce, have only the power conferred on them by statute.
5. In actions for divorce, courts of this state have no authority to take the custody and control of the child from both parents, and give it to a stranger.
6. It appearing that defendant's property is worth only $7,575, and that his income is small and uncertain, this court regards an award of $3,000 alimony to the plaintiff as excessive, although defendant once offered to pay that amount; and it directs the judgment to be modified so as to award only $2,000.

APPEAL from the Circuit Court for *Dodge* County.

This was an action for divorce brought by the wife against the husband, in which judgment was had by default. Defendant made two several motions to set aside or modify the judgment as to the custody of the children, and on the ground of excessive alimony. The facts are stated in the opinion. Both motions were denied; and the present appeal is from the second motion, dated April 23, 1875.

*A. Scott Sloan*, for appellant:

1. The judgment should be set aside for fraud and imposition on the court in using its process to effect a fraud on defendant. *Johnson v. Coleman*, 23 Wis., 452, 454; *Edson v. Edson,* 108 Mass., 590; *Adams v. Adams*, 51 N. H., 388. Defendant made an agreement with plaintiff's attorney as to the amount of alimony and disposition of the children, and this agreement is not disputed. Relying on plaintiff to carry out its terms, defendant made no defense to the action; and plaintiff obtained the judgment contrary to such agreement. 2. The judgment should also be set aside for collusion. Bishop on M. & D. (4th ed.), § 761; Freeman on Judgments, § 250. The evidence shows that the parties collusively agreed to a divorce, and the terms thereof. Such agreement was against the policy of the law, and should not be sustained, especially when one of the parties, by means thereof, has gained an undue advantage over the other. 3. The amount of alimony is excessive. *Williams v. Williams*, 29 Wis., 517; *Moul v. Moul*, 30 id., 203. 4. It is proper practice to proceed by motion to set aside or modify the judgment. Divorce cases, in this respect, are governed by the same rules as other cases. *Edson v. Edson*, 108 Mass., 591; *Weatherbee v. Weatherbee*, 20 Wis., 500.

The cause was submitted for the respondent on the brief of *H. W. Lander*, who contended, 1. That the allowance of $3,000 for alimony was proper, since this was the defendant's own offer, and he knew the situation of his property and how much he was able to pay. 2. That the circuit court had the undoubted right, under the statute, to change the custody of the children. R. S., ch. 111, secs. 19, 20.

COLE, J.   The moving papers used in support of the second rule to show cause why the judgment of divorce should not be vacated, or modified in certain particulars, present, as it seems to us, no case for setting aside the judgment. It is

Hopkins vs. Hopkins.   (Third Appeal.)

claimed that the affidavits show that the judgment was obtained in pursuance of a collusive agreement, or by fraud and imposition practiced upon the defendant.   But this position is clearly not sustained by anything found in the record.   It is true, the defendant states in substance, in his affidavit, that at the time the action was commenced, he was sick and unable to attend to business; that he put in no answer and entered no appearance in the cause; that he saw the attorney of the plaintiff by the appointment of such attorney, and entered into an agreement with him concerning the suit and the amount of alimony which was to be paid the plaintiff upon the divorce being granted, and also in respect to what articles of personal property or household furniture the plaintiff should receive; and that he then agreed not to oppose the granting of a divorce. But all this is flatly contradicted by the plaintiff in her affidavit, who positively denies that she ever made any agreement or had any understanding with the defendant of any kind in reference to the suit, or in respect to the amount of alimony which she was to receive, or in regard to the custody of the children; and she expressly denies that she ever authorized her attorney or any other person to make any agreement or to have any understanding concerning the action, except as stated by her in a subsequent part of her affidavit, which is not material on this point.   The burden of proving the fraud or collusive agreement was upon the defendant; and it is certainly impossible to say that he has established the fact that he was in any wise imposed upon, or that any collusive agreement was entered into in respect to the divorce.   We are therefore relieved from considering the question whether an agreement not to oppose the granting of a divorce, and to pay a stipulated sum for alimony, would amount to a fraud upon the law, and constitute a sufficient ground for setting aside the divorce.   It is sufficient to say that no such case has been established by the evidence; nor have any circumstances been shown from which fraud in respect to the divorce can be inferred.   As a

matter of course, a collusive agreement between the parties to procure a divorce when no breach of matrimonial duty had been committed, would be a fraud upon the court and could not be sanctioned.  But that is not the case before us; and therefore the application to set aside the judgment may be dismissed with the remark that no reason whatever was shown for granting that relief.

The original judgment of divorce was, however, modified in some of its provisions.  The court ordered that the custody of the boy, Emery E. Hopkins, which was awarded the plaintiff, should be given to the defendant.  No complaint is made of this modification of the judgment.  The court further ordered that the custody of the daughter, Rosa Ann Hopkins, which had been originally given to the plaintiff, should be taken from both parents and awarded to Andrew Willard, who was appointed her guardian for a year, and was entrusted with the care and control of her person, and with her education and support, under the direction of the court; and the defendant was ordered to pay the guardian $250 a year for the support and education of the daughter.  It seems to us the court had no authority, in this action for a divorce, thus to take the custody and control of a child from both parents and give it to a stranger.  The statute provides that the court, upon adjudging a divorce, may make such further judgment as it shall deem just and proper concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parties the children, or any of them, shall remain, having due regard to the age and sex of such children.  Sec. 19, ch. 111, R. S.  The court is authorized, on the petition of either of the parties, to revise and alter such judgment concerning the care, custody and maintenance of the children, or any of them, and make a new judgment concerning the same, as the circumstances of the parents and the benefit of the children shall require.  Sec. 20.  The statute evidently contemplates that the care and custody of the

children shall be awarded to one or both of the parents, due regard being had to the age and sex of the children, and to the character, occupation and circumstances of the parent or parents. *Welch v. Welch*, 33 Wis., 534. It is a general principle of the law of divorce in this country, that the courts, either of law or equity, possess no powers except such as are conferred by statute; and therefore authority for the action of the court in that class of cases must be found in the statute, and cannot be looked for elsewhere. *Barker v. Dayton*, 28 Wis., 367. In a proceeding for the appointment of a chancery or probate guardian, where the statutory or general jurisdiction of the court is invoked, it may be competent for the court to take the care and custody of an infant from either or both of the parents, and award it to a third person; and this is sometimes done when the welfare of the child will thereby be subserved. But that is a different proceeding, calling into exercise larger power and discretion than the proceeding before us. Here the power and discretion of the court to award the care and custody of the children are limited to the parents; and to one or the other should the custody of Rosa Ann Hopkins have been given. We are unable to say, upon the evidence before us, that either parent is unfit to be entrusted with that charge; but this matter will be remitted to the circuit court for the exercise of its discretion in view of all the circumstances. If the care and custody of the daughter shall be awarded to the mother, then the defendant should be ordered to pay the plaintiff such a sum for her support as may seem just and proper.

The court likewise modified the judgment in respect to the household furniture and other articles awarded the plaintiff. No serious complaint is made of the judgment as it now stands in that regard, and we are inclined to think it is right. The court awarded the plaintiff $3,000 alimony, which we consider an undue proportion of the husband's estate. The defendant has made a statement of the property which he owned

when the suit was commenced and the judgment entered, and has affixed to it a valuation which amounts in the aggregate to the sum of $7,575.  The decided weight of testimony tends to show that this is a fair valuation of his property, and the income or profits of his business seems to be small and rather uncertain.  In view of these facts we think the sum of $2,000 is all the defendant should be required to pay for alimony. This is about the proportion of the husband's estate which this court has awarded, so far as any rule can be deduced from the cases decided.  *Cole v. Cole*, 27 Wis., 531; *Moul v. Moul*, 30 id., 203; *Williams v. Williams*, 36 id., 362.  The defendant will be required to pay the costs of these appeals in this court, and also the costs in the court below.  The payment of the $2,000 alimony can be ordered and arranged by the court so as not to be unduly burdensome upon the defendant.

The counsel for the plaintiff lays stress upon the fact that the defendant had offered to pay $3,000 as alimony, and insists that he should be held to his offer.  But under the circumstances we do not feel inclined to attach much importance to the proposition.  The evidence shows what the defendant is worth, and his ability to earn money, and upon that evidence alimony is awarded.

It follows from these views that the order of April 23, 1875, must be reversed, and the cause must be remanded to the circuit court, with directions to modify the original judgment of divorce so as to conform to this opinion.

*By the Court.*—It is so ordered.