McCABE, Appellant, vs. McCABE, Respondent.

*October 25—November 14, 1905.*

(1, 2) *Appeal: Orders: Return of clerk.* (3-5) *Divorce: Custody of minor children: Power of court.*

1. If, on appeal from an order, the return to this court does not comply with sec. 3050, Stats. 1898, the appeal must be dismissed unless some fatal defect appears upon the face of the order, or unless some recital therein identifies with reasonable certainty the papers on which it was based.

[2. Whether an order stating that the hearing which resulted in its entry was on the "original records and all files in the case, as well as on the petition of the defendant and her affidavit," sufficiently identifies, as having been used on the motion, certain affidavits included in the return which appear, by indorsements thereon, to have been on file on the day the order was made,— not determined.]

3. In a divorce action the court has no other power in respect to the custody of minor children than that given by sec. 2362, Stats. 1898.

4. Under sec. 2362, Stats. 1898, the court cannot award the care and custody of children to one parent and at the same time provide that they shall remain with a third person—in this case their grandmother.

5. Even an understanding between the parties, at the time the divorce judgment was entered, that the children might remain with a third person would not warrant a subsequent modification of the judgment by a provision in accordance with such understanding, especially if the party to whom the judgment gave the care and custody objected to such modification.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Appeal from an order modifying a decree entered in the action October 17, 1903, respecting the care and custody of the minor children of the parties. There were two children— Otis, aged nine years, and Marian, seven years of age. Custody of both was by the decree unqualifiedly awarded to the plaintiff. Within one year thereafter defendant petitioned

the court to so change the decree as to require the children to reside with Mrs. N. G. Clifford, defendant's mother, under such regulations as to accord each parent at all reasonable times opportunity to visit and associate with them, and to make such other modification of the judgment in relation to the children as might seem equitable. The prayer of the petitioner was supported by sworn statements to this effect: Plaintiff was awarded the care and custody of the children by reason of a stipulation made between the parties to the cause to the effect that the children should be kept at the home of defendant's mother, plaintiff paying $20 per month for their care and maintenance, and each parent having the right to visit them at all reasonable times. Plaintiff has defaulted in that regard by failing to pay the sum of $30 of the agreed monthly instalments. He has further failed, in that August 13, 1904, he visited Mrs. Clifford's home while under the influence of liquor and forcibly took therefrom the younger child, conveying her to the home of his mother, and thereafter refused defendant permission to see such child. A few days after such taking he commenced judicial proceedings against Mrs. Clifford to obtain possession of the other child. He is insolvent and customarily squanders the greater part of his earnings in dissipation. Mrs. Clifford is a suitable person to bring up the children. She has had their exclusive care since their birth. She has acquired a home in a good neighborhood in the city of Oshkosh for the express purpose of providing a suitable residence for herself and the children. Defendant earns her own living. She is a professional singer and makes her home with her mother when not necessarily out of the city of Oshkosh on professional engagements. She has since the entry of the judgment of divorce, in the main, clothed the children.

Such proceedings were had in respect to the petition that an order was entered reciting that it was granted on the record and files in the case, the petition, and the defendant's affidavit.

The affidavit does not add anything to the facts set forth in the petition. The certificate of the clerk of the circuit court attached to the return to this court states that such return contains "the original records necessary to the appeal pursuant to Rule VII½ filed and of record in my office in the above entitled cause." The order recites that at the time the judgment of divorce was entered, plaintiff was given the care and custody of the children because of an agreement between the parties that they were to be left at the home of Mrs. N. G. Clifford, their grandmother, and under her care for the present, who had cared for them and nursed them from birth, and that plaintiff would pay $20 per month for their support, both plaintiff and defendant to have the right at all reasonable times to see and visit them; that a provision to that effect was omitted from the judgment because at the time of its entry the children were residing with Mrs. Clifford under an arrangement between her and the plaintiff; that the welfare of the children will be best promoted by said arrangement being carried out. For those reasons the court ordered as follows:

"That the judgment made herein on the 17th day of October, A. D. 1903, be and the same is hereby modified and revised as follows:

"First, that the legal care and custody of said minor children, Otis McCabe and Marian McCabe, remain and continue with the plaintiff *Carl B. McCabe,* always provided that the said plaintiff shall keep both at the home of Mrs. N. G. Clifford in the city of Oshkosh, Wisconsin, where they have been kept and cared for since their birth, for the time being and until the further order of the court.

"Second, that beginning September 1, 1904, the plaintiff and defendant pay the sum of $20 monthly for the support and maintenance of said children, each paying one half of said sum, to be paid on or before the 10th day of each month to the said Mrs. N. G. Clifford.

"Third, that both the plaintiff and defendant be and hereby are permitted to see and visit said children at all reasonable

times, take them out on suitable occasions, and said children shall be permitted and allowed to visit plaintiff on Sundays and holidays, at such suitable and proper places as he may designate, and at such other reasonable times as plaintiff may require. Such visits are not to interfere, however, with the school work of either of said children."

The plaintiff appeals from such order.

For the appellant the cause was submitted on the brief of *F. V. McManamy.*

For the respondent there was a brief by *Bouck & Hilton,* and oral argument by *John F. Kluwin.*

MARSHALL, J.  The appeal papers treat the action of the circuit court complained of as an order. Whether it is that or a judgment is not free from all doubt. The return of the clerk does not comply with sec. 3050, Stats. 1898, as regards what it should contain in case of an appeal from an order. If it be such an appeal a dismissal thereof would be required in the absence of some fatal defect appearing on the face of the order or some recitals appearing therein identifying with reasonable certainty the papers upon which it was based. *Glover v. Wells & M. G. Co.* 93 Wis. 13, 66 N. W. 799; *Tenney v. Madison,* 99 Wis. 539, 75 N. W. 979; *Ryan v. Philippi,* 108 Wis. 254, 83 N. W. 1103; *Milwaukee Trust Co. v. Sherwin,* 121 Wis. 468, 98 N. W. 223, 99 N. W. 229.

The so-called order may reasonably be called one in fact and will be, since no point on behalf of respondent was raised in respect to the matter. It would be well for counsel interested for an appellant to see that the clerk of the circuit court makes his return strictly in accordance with sec. 3050, Stats. 1898, taking particular notice of the distinction between the return to be made in case of a judgment and that in case of an order. The order here states that the hearing which resulted in its entry was on the "original records and all files in the case as well as on the petition of the defendant and her

affidavit." A claim was made on the argument that several affidavits in the return were not used upon the motion, and were improperly placed on file. They are not identified by the order as having been so used other than by a general reference to all the files in connection with the fact, shown by appropriate indorsements, that they were on file on the day the order was granted. Whether that sufficiently identifies them or not does not seem to be material since the order is fatally defective upon its face, as will be hereafter seen.

The case is ruled in favor of the appellant by the general doctrine that where jurisdiction in divorce matters is statutory the court possessing the same has no power exercisable in a divorce action as regards the custody of minor children of the parties other than that found in the written law. *Hopkins v. Hopkins,* 39 Wis. 167. Such jurisdiction is lodged in our circuit courts by legislative grant. *Boehler v. Boehler,* 125 Wis. 627, 104 N. W. 840. The authority as to minor children is expressed in these words:

"The court may make such further provisions therein as it shall deem just and proper concerning the care, custody, maintenance and education of the minor children of the parties, and may determine with which of the parties the children, or any of them, shall remain." Sec. 2362, Stats. 1898.

It will be observed that while the court may make provision concerning the "care, custody, maintenance and education of the children" the authority is to be exercised with reference to the limitation of power as to determining with whom the children shall remain. That is confined to a choice between the parents. The meaning of the words "with which of the parties the children, or any of them, shall remain" is unmistakable. To award legal care and custody of children to one parent coupled with a requirement that they shall remain with some person not standing in the parental relation to them, and with a provision limiting the conduct of that one in

a manner entirely inconsistent with the exercise of parental control, as was done in this case, is a clear usurpation.

The learned trial court seems to have supposed that the duty of care and custody might by mere words be given to one parent while actually given to one not standing in the relation. Such a disposition of the children is not a response to the statute even in form. It violates its letter and spirit. The statute clearly contemplates that the children shall remain with one of the parents. *Welch v. Welch,* 33 Wis. 534, must not be read as sanctioning removal by the divorce judgment of the children of the parties from parental control. The order complained of here not only provides that the children shall not remain with either of the parents, but it in effect removes them from every semblance of parental control. Appellant was in terms given the legal care and custody of them, but every element of authority consistent with such care and custody was taken from him. They were not permitted to have their home with him, and even for him to visit them was made permissive and conditional.

The learned court evidently thought the understanding existing between the parents at the time of the entry of the divorce judgment, that the children might remain with their grandmother, warranted a modification of the judgment complained of notwithstanding appellant's objection thereto. We think otherwise. If he consented at one time to surrender parental control of his children, it did not confer jurisdiction on the court beyond that given by the statute, especially after such consent was withdrawn. The trial court should, as the statute plainly contemplates in such cases, have provided for the children's remaining with one or the other of the parents, or one of the children with the father and the other with the mother, and abstained from fencing such provision about with nullifying restrictions.

*By the Court.*—The modification of the divorce judgment appealed from is reversed.