SMITH, Appellant, vs. SMITH, Respondent.

*November 10—December 6, 1932.*

606

For the appellant there were briefs by *Buell & Lucas* and *Bagley, Spohn, Ross & Stevens*, all of Madison, and oral argument by *Frank W. Lucas* and *William H. Spohn.*

For the respondent there was a brief by *Hall, Baker & Hall*, and oral argument by *Paul Griffith*, all of Madison.

NELSON, J. Although several important questions which we think ought to be determined are involved in this appeal, we are met at the outset by the contention of the defendant that, since the order modifying the judgment related simply to the custody of the child for the sixty-day period immediately following the date of the order and since that period has long since expired, the order has become moot, and this court should not answer moot questions of law or fact nor technical abstract principles or rules of law not applicable to issues or controversies actually before it. *Hogan v. La Crosse*, 104 Wis. 106, 80 N. W. 105; *Lamoreux v. Williams*, 125 Wis. 543, 104 N. W. 813. A moot case has been defined as "one which seeks to determine an abstract question which does not rest upon existing facts or rights" (*Adams v. Union R. Co.* 21 R. I. 134, 42 Atl. 515, 44 L. R. A. 273), and as one "which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy" (*Ex parte*

*Steele,* 162 Fed. 694, 701). While defendant's contention is rather persuasive, we do not think that the mere running of the time during which the order complained of had life has ended this controversy. It cannot be said that we are now dealing with a dead controversy. There is every reason to believe that the defendant will again make a similar motion to modify the judgment. Since the trial court has the right to modify its judgment relating to the custody of this child whenever the interest of the child demands it (sec. 247.24, Stats.), we think that while the particular order complained of is moot, the controversy over the custody of this child is not moot and should not be so considered, and that therefore the questions raised on this appeal should receive consideration to the end that if and when this controversy is revived it may be determined upon correct principles and upon proper procedure.

It is contended by the plaintiff that the order of the court, though couched in terms of visitation, rights, and privileges, is essentially and in fact an order modifying the judgment as to the custody of the child for the sixty-day period.

The clear effect of the order, in our opinion, was to modify the judgment with respect to the custody of the child and to award his custody to the maternal grandfather for a period of sixty days.

Sec. 247.24, Stats., provides in part as follows:

"In rendering a judgment of nullity of marriage or for divorce . . . the court may . . . give the care and custody of the children of such a marriage to one of the parties to the action, or may, if the interest of any such child shall demand it, and if the court shall find that neither of the parents is a fit and proper person to have the care and custody of any such child, give the care and custody of such child to any fit and proper person, who is a resident of this state and willing to receive and properly care for such child."

Viewing the order of the court as a modification of the judgment with respect to the custody of the child, as we

are impelled to do, we think that the order was void upon its face for the following reasons: (1) The court did not find that the interest of the child demanded a change of custody. (2) The court did not find that neither of the parents was a fit and proper person to have the care and custody of the child. (3) The court gave the care and custody of the child to one who was not a resident of this state. Compare *Hopkins v. Hopkins,* 39 Wis. 167; *McCabe v. McCabe,* 126 Wis. 154, 105 N. W. 665.

It is quite apparent that the heart of the court was touched by the unfortunate situation before it and was perhaps unduly influenced by sympathy for the defendant. Controversies relating to the custody of children cast upon courts responsibilities which, at best, are not easily or pleasurably borne. However, such responsibilities must be met keeping in mind always the best interests of the child. *Jenkins v. Jenkins,* 173 Wis. 592, 181 N. W. 826; *Meredith v. Krauthoff,* 191 Mo. App. 149, 177 S. W. 1112.

The plaintiff further contends that the trial court, in determining this controversy, proceeded in an unwarranted manner, in that no hearing, such as ought to have been had in so important a matter, was in fact had. The whole hearing was conducted quite informally and without an opportunity to make a record or without a record in fact being made. We think the procedure adopted by the court in this important matter is justly subject to criticism. Judgments in divorce actions should not be so modified as to the custody of a child or children. In such a case where a contest exists and especially where a hearing is demanded, a hearing should be given. The witnesses should be sworn and an opportunity given to cross-examine them. The testimony should be taken by the reporter so that a record may be made in case either of the parties desires to appeal and have such order reviewed. We have not before us in this appeal any record of what was said by the attorneys, what informal conversations were had between the court and the witnesses,

what testimony, if any, was given, and what in fact the court acted upon. In a matter of such vital concern to the parties and to the child whose interests are of paramount importance, a record should be made to the end that a party may not be denied an effective appeal.

*By the Court.*—The order modifying the judgment is reversed, with directions to reinstate and restore the judgment as originally entered.