BENNETT, Respondent, vs. BENNETT, Appellant.

*May 20—June 21, 1938.*

402

The cause was submitted for the appellant on the brief of *Bagley, Spohn, Ross & Stevens* of Madison, and for the respondent on that of *Roberts, Roe & Boardman* of Madison.

FAIRCHILD, J.    Beyond question, the circuit court for Dane county has jurisdiction over the custody of the children of this severed marriage, sec. 247.24, Stats.   The question raised by the appellant as to whether there was an abuse of discretion in granting to the father, who had the custody of the children under an order of the court, permission to take the children from the state of Wisconsin and physically out of this jurisdiction, must be answered against the appellant.   The father has an opportunity of employment in New York at a larger salary and with prospect of advancement. His reasons for moving were investigated by the court below and were found to be sufficient.   For the father to have the advantage of this opportunity was found to be consistent with the welfare of the children.   In the order for change of residence there is provision for as full an opportunity of visitation by the mother as the circumstances warrant, and the evidence concerning the condition of the children under the father's care is convincing that the wiser course is to leave them with him.   The arrangement for the boys to visit their

mother during the summer is just, considering the means of the parents.

The circuit court of this state having jurisdiction of the parties, comity and the full-faith-and-credit clause of the federal constitution may be relied upon to furnish assurance of the recognition of its orders in other states. *Morill v. Morill* (1910), 83 Conn. 479, 77 Atl. 1; *Wakefield v. Ives* (1872), 35 Iowa, 238; *Stetson v. Stetson* (1888), 80 Me. 483, 15 Atl. 60; *State ex rel. Nipp v. District Court* (1912), 46 Mont. 425, 128 Pac. 590.

The hardships which appellant says have been visited upon her are but difficulties which inevitably must accompany the distressing situation in which she finds herself. We cannot say that any finding by the court is against the great weight and clear preponderance of the evidence or that in any respect there has been an abuse of discretion.

*By the Court.*—The orders are affirmed.