HILL, Appellant, vs. HILL, Respondent.

*June 8—June 30, 1950.*

For the appellant there was a brief by *Clifford & Fitzpatrick,* attorneys, and *William B. Clifford* and *James A. Fitzpatrick* of counsel, all of Watertown, and oral argument by *Mr. Fitzpatrick* and *Mr. Clifford.*

For the respondent there was a brief by *Bogue & Sanderson* of Portage, and oral argument by *David Bogue.*

MARTIN, J. It is appellant's contention that the order changing the custody of the child, Richard Hill, from appellant to respondent, was void as a matter of law.

It has been repeatedly held by this court that a judgment in a divorce suit does not prevent the court from afterward modifying a judgment under sec. 247.24, Stats., if the circumstances of the parties have so changed as to render such modification just and equitable. In matters relating to custody, however, this court has held that in the absence of a substantial change in the premises on which the original determination was made, a modification or revision is an abuse of discretion. *Smith v. Smith* (1932), 209 Wis. 605, 609, 610, 245 N. W. 644; *Application of Rattel* (1943), 244 Wis. 261, 265, 266, 12 N. W. (2d) 135; *Romanowski v. Romanowski* (1944), 245 Wis. 199, 203, 204, 14 N. W. (2d) 23.

It is respondent's contention that appellant's failure to allege in her divorce complaint the fact that respondent had obtained a decree of divorce from appellant in 1933, and the fact of their remarriage in 1942, was such a concealment of facts as to warrant the introduction of testimony of events preceding the divorce decree granted September 9, 1948. Those events had to do with certain alleged adulterous acts on the part of appellant. They were alleged in respondent's answer and counterclaim in the divorce proceeding. However, at the time the divorce decree was granted respondent elected not to offer any proof in support of those allegations. They were introduced in the hearing herein for the purpose of affecting the character of appellant and to form a basis for a change of custody of the child, Richard Hill, but the court did not make a finding that appellant was unfit. It concluded:

"I feel that the home of the father is the better place for this boy and it is adjudged that the custody of Richard Hill be and is hereby awarded to the father, Clifford Hill, the defendant in this action during the period of the school year."

The appellant continues to have custody of the two other minor children. We can assume, therefore, that if the trial court had felt appellant was unfit, it would have on its own motion directed that their custody be changed.

The findings of fact in the 1948 divorce case found, among other things, that the husband had falsely accused the wife of adulterous conduct. In view of this finding, inquiry must have been made into the moral character of the mother.

It is our opinion that the adjudication of the judgment of divorce that appellant was a proper person to have the custody of the children became *res adjudicata* on September 9, 1948, the date of the granting of the decree of divorce. *Elies v. Elies* (1941), 239 Wis. 60, 63, 65, 300 N. W. 493. Testimony of events preceding a judgment of divorce is admissible in a subsequent hearing to determine custody when there has been no prior adjudication that the mother was a fit and proper person to have the custody of the child. *Wall v. Wall* (1948), 252 Wis. 339, 345, 31 N. W. (2d) 527.

The welfare of the child is the controlling consideration. *Hellermann v. Hellermann* (1946), 249 Wis. 190, 200, 23 N. W. (2d) 408; *Smith v. Smith, supra.*

The facts in this case are: After the decree of divorce was granted the appellant and the three minor children resided in Milwaukee, Wisconsin, with two unmarried sisters of the appellant. The living quarters occupied by them consist of a living room, dining room, and kitchen on the first floor, and three bedrooms and a bathroom on the second floor. Richard Hill, the child in question, occupied one bedroom with his brother Jimmy. Appellant and daughter occupied another bedroom, and the sisters occupied the third bedroom. The sisters are both gainfully employed. They pay the rent and furnish the additional financial assistance required to support the three children and to give them medical care over and above the $50 paid monthly by the respondent. Appellant is the housekeeper. Richard Hill attended the public school in

Milwaukee from September, 1948, to June, 1949. During that time he was a member of the Boy Scout troop and the Sunday school class of a Methodist church in that city. At present the child is living alone with the respondent in a two-room stove-heated house. It has no inside plumbing facilities. The child is attending a rural school. The respondent works at odd jobs.

The respondent is not in a position either financially or geographically to give the child the advantages he can receive in appellant's home where he had the opportunity of better organized educational opportunities, and the proper type of guidance in extracurricular activities. The appellant is housekeeper in the home and is there constantly with the children. He will not be separated from his younger brother and sister. Appellant's two sisters are intelligent and of good character and have a keen interest in providing a proper home for the children. The welfare of the child, Richard Hill, requires that he be returned to the custody of the appellant.

*By the Court.*—The order modifying the judgment is reversed, with directions to reinstate and restore the judgment as originally entered.