Dodge, Respondent, vs. Dodge, Appellant.*

*December 8, 1954—January 11, 1955.*

* Motion for rehearing denied, with $25 costs, on March 8, 1955.

For the appellant there was a brief by *F. E. Yates* of Eau Claire, attorney, and *Samuel Goldenberg* of Milwaukee of counsel, and oral argument by *Mr. Yates*.

For the respondent there was a brief by *Ramsdell, King & Carroll* of Eau Claire, and oral argument by *George M. Carroll*.

BROADFOOT, J.   At the time of the hearing the plaintiff was in military service and was stationed in California. The record does not disclose when he will be discharged. The order appealed from contemplated that the child would stay with plaintiff's sister, who resides on a farm a few miles from Eau Claire, until he completes his military service. The trial court found that the home of the sister of the plaintiff was a proper place for the child who, at the time of the hearing, was about five and one-half years of age. The trial court also found that the home offered by the defendant and her husband would be a fit and proper place for the care of the child.

In view of the finding that the home offered by the mother is suitable and adequate, the defendant contends that it was error to change the custody of a five-and-one-half-year-old daughter solely because of the removal of the mother's home across the state line. We would agree with that contention if that were the fact. It is true that one circumstance referred to in the court's opinion was the effect of the removal to Minneapolis. However, the court also referred to the manner in which the defendant had acted and carried on and things she had said and done and her fits of temper, and stated that it would be failing in its duty if it did not make a change.

The defendant also calls attention to sec. 247.24, Stats., which authorizes the court to award the custody of a minor child to a person other than one of the parents if the court finds that neither of the parents is a fit and proper person to have the care and custody of such child.

The defendant contends that the effect of the order is to give the custody of the child to its aunt rather than to either parent. The court did not make a finding that neither parent is a fit and proper person to have the care and custody of the daughter. In this case the father will be absent from the state for an indefinite period and the child will be living with an aunt, supported by an allotment from the father, where the father will be unable to visit frequently or regularly. The defendant construes the statute to mean that when a parent is awarded the custody of a minor child, that parent should be physically present with at least some frequency or regularity in the home where the child lives. We do not construe sec. 247.24, Stats., as so providing.

The court did not make a specific finding that the mother was an unfit person to have the custody of the daughter. There was testimony in the record that the mother was quick-tempered; that she had disciplined the daughter in a manner that could be considered excessive and harmful; and

that she had used improper language during altercations with other people in the presence of the daughter. The court's opinion states that it would be failing in its duty if it did not make the change. The matters referred to had all occurred since the last prior application for a change of custody.

The appellant contends that the trial court was without jurisdiction to order a change in custody of the child without making a specific finding that the mother was unfit to have the custody. The following provision in sec. 247.24, Stats., makes it clear that such a finding is not required as a prerequisite to ordering the change of custody:

". . . *Whenever the welfare of any such child will be promoted thereby,* the court granting such decree shall always have the power to change the care and custody of any such child, either by giving it to or taking it from such parent or other person or such institution, . . ." (Emphasis supplied.)

It was also held as follows in *Cudahy v. Cudahy,* 217 Wis. 355, 360, 258 N. W. 168:

". . . in spite of the affection of this mother for her child and her good moral character, the conclusion of the trial court that the interests of the child will best be served by giving the primary custody to plaintiff, must be approved."

In custody cases it is impossible to fix rules which are inflexible. Each case must be considered in the light of all of the facts and circumstances that appear in the record. One rule is that the welfare of the child is the paramount and controlling consideration in determining the question of custody of a minor child. Another rule often quoted by the courts is that in legal contests for the custody of minor children the law favors the mother unless she is found to be an unfit person to exercise such custody. The trial court in these cases is in a favorable position to exercise discretion and sound judgment. The trial court in this case presided at all of the proceedings between the parties involving the divorce

and the various applications for amendment thereof. He was acquainted with the parties and he saw and heard the witnesses who were produced at the last hearing.

In reviewing custody cases this court relies heavily upon the determination by the trial court. Except in the very few cases where there is a clear abuse of discretion, the court's order should prevail. This is a close case, but we find no abuse of discretion and therefore adhere to the order made.

*By the Court.*—Order affirmed.

FAIRCHILD, C. J. (*dissenting*). Changing in effect the custody from the mother to a relative of the father of a little child is a matter of too serious concern to be decided, as it appears to have been in the proceeding upon the order to show cause. It is understandable why the court was not satisfied that the existing custody was an improper one.

The showing of temper referred to in the majority opinion is not so uncommon a manifestation as to disqualify a parent or destroy an existing arrangement under the court. And, as here, where, as said in the majority opinion, "the home offered by the mother is suitable and adequate," considered with the fact that there is no finding of unfitness, there is no support for the order as entered below. The order amending the judgment reads:

"It is ordered, that the judgment heretofore rendered in this action be and the same is hereby amended as follows, to wit:

"1. The care, custody, and control of said minor child, Jean Dodge, is hereby granted to the plaintiff, Clayton Dodge, with reasonable rights of visitation in the defendant, Antje Pinck, and that said child shall remain in the state of Wisconsin and subject to the jurisdiction of this court until further order of this court.

"2. That payment for the support of said child by the plaintiff shall terminate forthwith."

In the case of *Smith v. Smith,* 209 Wis. 605, 609, 245 N. W. 644, the court refers to sec. 247.24, Stats., under which, in that case, the child was given to one other than a parent. The court said:

"Viewing the order of the court as a modification of the judgment with respect to the custody of the child, as we are impelled to do, we think that the order was void upon its face for the following reasons: (1) The court did not find that the interest of the child demanded a change of custody. (2) The court did not find that neither of the parents was a fit and proper person to have the care and custody of the child. (3) The court gave the care and custody of the child to one who was not a resident of this state."

And in that case the court calls attention to the cases of *Hopkins v. Hopkins,* 39 Wis. 167; *McCabe v. McCabe,* 126 Wis. 154, 105 N. W. 665.

Under the recognized rules which obtain, I am of the opinion that the order should be held void, thus reversing the judgment.

I am authorized to state that Mr. Justice GEHL and Mr. Justice STEINLE join in this dissent.