BROWN, Appellant, v. BROWN, Respondent.

*January 6—February 2, 1960.*

For the appellant there was a brief by *Rubin, Ruppa & Wegner* of Milwaukee, and oral argument by *Nathan Ruppa.*

For the respondent there was a brief by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *James R. Mattison.*

DIETERICH, J. The parties were married on March 6, 1948. The issue of the marriage were two sons, Scott Brown eleven years of age, and Donn Brown nine years of age. This action for divorce was commenced August, 1956, and tried as a contested case in the circuit court for Milwaukee county.

The only question involved is: Did the court abuse its discretion in ordering a change of custody of two minor children to the father, there being no finding of unfitness as to the mother?

The complaint alleged cruel and inhuman treatment as the grounds for her divorce. The answer and counterclaim alleged adultery and cruel and inhuman treatment.

The findings of fact were as follows:

"1. That the allegations of the complaint as to a course of cruel and inhuman treatment of the plaintiff by the defendant are untrue and not proved and that the allegations of the counterclaim of the defendant hereinafter following, with respect to a course of cruel and inhuman treatment practiced by the plaintiff toward the defendant are proven and true. . . .

"4. That there are two children as issue of said marriage, to wit, Scott Brown, born September 8, 1948, and Donn Brown, born July 28, 1950. . . .

"7. That for a long time prior to the commencement of this action, the plaintiff has been guilty of a course of cruel and inhuman treatment in and toward the defendant, instances of which are as follows:

"(a) That the plaintiff refuses to cohabit with the defendant, and for a period of several years has refused to show the defendant any love, affection, or consideration whatsoever.

"(b) That the plaintiff constantly picks quarrels with the defendant over trivial matters, and is extremely sarcastic and cutting toward the defendant in the parties' day-to-day relationship.

"(c) That until ordered so to do by the court, the plaintiff refuses to prepare meals for the defendant, to wash his clothing, or to in any way administer to his physical needs.

"(d) That the plaintiff is untruthful toward the defendant, and refuses to discuss any problems that might arise with him.

"(e) That the plaintiff has associated with other men.

"That such conduct on the part of the plaintiff was without cause or provocation on the part of the defendant, and that he has always conducted himself as a faithful and dutiful husband."

"8. That as a result of the aforesaid conduct on the part of the plaintiff, the defendant has become nervous and

ill, and that such conduct has seriously affected his physical and mental well-being, rendering it impossible for the defendant to continue in the marital relationship with the plaintiff.

"9. That the above-entitled matter has been referred to the department of domestic conciliation for a report, re custody of the minor children of the parties, and such report having been filed, and the court having heard additional testimony and argument of counsel with respect thereto, . . ."

Pursuant to the findings of the court, judgment was entered which provided in part as follows:

"That the bonds of matrimony heretofore subsisting between the plaintiff, Betty P. Brown, and the defendant, Robert W. Brown, be and the same are hereby wholly dissolved and they are forever freed from the obligation thereof, provided, that the judgment so far as it affects the status of the parties shall not be effective, except for the purpose of an appeal to review the same, until the expiration of one year from the date of the granting of said judgment or decree.

"It is further adjudged and decreed: That the custody of the minor children of the parties, to wit, Scott Brown, born September 8, 1948, and Donn Brown, born July 28, 1950, be, and the same hereby is awarded to the plaintiff, subject to the continuing supervision of the department of domestic conciliation, and subject to the reasonable right of the defendant to visit with said minor children."

The trial judge was the same judge that made the change in the custody of the children.

Sec. 247.24, Stats., provides:

". . . the court may make such further provisions therein as it shall deem just and proper concerning the care, custody, maintenance . . . of the minor children of the parties, . . . Whenever the welfare of any such child will be promoted thereby, the court granting such decree shall always

have the power to change the care and custody of any such child, either by giving it to or taking it from such parent, relative, or agency, provided that no order changing the custody of any child shall be entered until after notice of such application shall have been given . . ."

This court has repeatedly held that the matter of custody of children in divorce actions is a matter peculiarly within the jurisdiction of the trial court, who has seen the parties, had an opportunity to observe their conduct, and is in much-better position to determine where the best interests of the children lie than is an appellate court. *Hamachek v. Hama-chek* (1955), 270 Wis. 194, 70 N. W. (2d) 595, and *Adams v. Adams* (1922), 178 Wis. 522, 525, 190 N. W. 359.

The judgment of divorce granted custody of the two minor children of the parties, Scott Brown and Donn Brown, to the mother, subject to the continuing supervision of the department of domestic conciliation.

At the time the divorce decree was granted the father was employed full time and did not have living accommodations to take care of the children. He has now remarried and established a home with his wife, Loralee Brown. She has a five-year-old daughter by prior marriage who resides with them. The father, Robert W. Brown, and his wife, Loralee Brown, both testified that the wife would devote her full time to taking care of the boys and her daughter.

The testimony discloses that Betty Brown, the mother of the children, is employed, and that there is a lack of parental supervision. There is evidence in the record disclosing that she has absented herself, leaving the boys alone at home, and on one occasion attended an inaugural ball in another city without providing for the supervision

and care of the boys, or a place for them to be cared for while she was away.

The investigator of the department of conciliation in her testimony stated she knew of no reason why Loralee Brown would not be a fit person to have joint custody of the children. "She [Loralee Brown] certainly indicated she would like custody to be granted to her husband." The investigator stated she knew of no reason why Robert W. Brown would not be a fit and proper person to have custody of the children.

The mother, Betty P. Brown, under the terms of the judgment, never had complete custody of the minor children of the parties. We have reviewed the entire record and taken into consideration the welfare of the children of the parties, together with the change of circumstances of Robert W. Brown in that he is now in a position to provide an adequate home life for the children, and we find no abuse of discretion on the part of the trial court in amending its order and modifying the judgment by transferring the custody of the children of the parties, Donn and Scott Brown, to the father Robert W. Brown.

*By the Court.*—Order affirmed.