BECZEK v. BECZEK.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.
Decree granting husband divorce on ground of extreme and repeated cruelty is not disturbed on appeal of defendant wife, where testimony supports decree.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 415, 437.
[2] 17 Am Jur, Divorce and Separation § 616.
[3] 17 Am Jur, Divorce and Separation § 632.
[4] 17 Am Jur, Divorce and Separation § 630.

2. SAME—TEMPORARY SUPPORT ORDER—REMAND.

> Supreme Court's order requiring plaintiff husband to pay wife $25 weekly for support and maintenance until further order of this Court is ordered to cease upon entry of opinion affirming decree of trial court which granted divorce to plaintiff husband on ground of extreme and repeated cruelty, whether or not payments made should be credited against cash allowance to defendant wife who received custody of children and a property settlement being remanded to trial court for final disposition after affirmance on appeal.

3. SAME—ATTORNEY FEES—EXPENSES OF APPEAL.

> Attorney fees and expenses of appeal are denied wife whose appeal to Supreme Court in husband's suit for divorce appears to be utterly lacking in merit.

4. SAME—COSTS.

> Costs of appeal are allowed plaintiff husband upon affirmance of decree of divorce on wife's appeal.

Appeal from Wayne; Bowles (George E.), J. Submitted April 5, 1960. (Docket No. 6, Calendar No. 48,188.) Decided June 6, 1960.

Bill by Edward J. Beczek against Sophie M. Beczek for divorce on ground of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Rothe, Marston, Mazey, Sachs & O'Connell (Jeanne Nunn,* of counsel), for plaintiff.

*Samuel H. Rubin (Phyllis Rubin,* of counsel), for defendant.

SMITH, J. The parties hereto were married on May 29, 1937. Bill of complaint for divorce was filed by the husband on October 24, 1955, alleging various acts by the wife subversive of the marriage relationship. Trial was had in due course, resulting in the grant of a decree in favor of the husband. No award of alimony was made, but the wife did receive custody of the children and a property settlement.

Some time later, upon rehearing, the decree was amended with respect to certain property.

The appellant asserts that the evidence is not sufficient to support a decree of divorce on the ground of extreme and repeated cruelty. She then reargues certain facts for a few sentences, drawing conclusions favorable to herself therefrom. Appellee replies that the facts reargued are not facts at all and controverts the conclusions drawn by the appellant. It would add nothing to the jurisprudence of this State to review the testimony. We are not persuaded of error. See *Tackabury* v. *Tackabury,* 334 Mich 157.

During the pendency of this suit in our Court, upon petition, and after reference back to the trial chancellor, we ordered that plaintiff pay defendant the sum of $25 per week for support and maintenance commencing October 5, 1959, and continuing until the further order of this Court. Such payments will cease with the entry of our opinion. Plaintiff now prays that upon our disposition of the case the sums so paid to defendant "be credited to the appellee against the cash allowance awarded to the appellant." We will remit this case to the trial chancellor for ruling upon, and final disposition of, the prayer in the light of the circumstances presented.

Appellant has stated that she is "without funds to prosecute this appeal," and petitions us for counsel fees and expenses of appeal. These we deny. Rarely have we seen an appeal so utterly lacking in merit.

Subject to the above the decree is affirmed, with costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.