SMITH, Respondent, vs. SMITH, Appellant.

*May 7—June 4, 1957.*

For the appellant there was a brief by *Spence, Rummel & Connolly*, attorneys, and *Arthur T. Spence* of counsel, all of Milwaukee, and oral argument by *Arthur T. Spence* and *L. William Connolly*.

For the respondent there was a brief by *Ela, Christianson & Ela* of Madison, and oral argument by *G. Burgess Ela*.

BROWN, J. "Matters dealing with the custody of children are peculiarly within the jurisdiction of the trial court, and highly discretionary." *Gotz v. Gotz* (1957), 274 Wis. 472, 80 N. W. (2d) 359; *State ex rel. Hannon v. Eisler* (1955), 270 Wis. 469, 71 N. W. (2d) 376. In custody matters the welfare of the child is the controlling consideration and the determination of that welfare is primarily the task of the trial court. Except where there is a clear abuse of discretion, the trial court's order should prevail. *State ex rel. Hannon v. Eisler, supra; Dodge v. Dodge* (1955), 268 Wis. 441, 67 N. W. (2d) 878. These principles are so frequently expressed that extended citations are unnecessary. Appellant does not dispute them but she insists that when the mother is a fit person, as the trial court has found her to be, the best interests of a daughter ten years old demand that the child be placed in the mother's custody. This contention is put forward almost as a matter of law. It is far from that although, in general, in the case of young children the courts favor maternal custody as being in the child's best interest. Still, all the facts and circumstances must be weighed by the conscientious trial judge and this court relies heavily on his determination. *Dodge v. Dodge, supra.* Appellant mother also submits that just as she was originally granted custody so now, having recovered her health and having established a home of her own with a new husband, she has regained her original qualifications and preference and is *entitled* to have the child restored to her. We cannot

see the situation in the same light. Even if circumstances are exactly the same as they were when a court first properly granted custody to one parent, after an interval of different custody a trial court is not to be summarily reversed because it declines to direct a resumption of the original status. A child's interests may be so balanced that a trial court may go either way without being found guilty of an abuse of discretion. But in the instant case the situation is not what it was when custody was first determined; new considerations are involved which the trial judge properly took into account. At the time of the divorce, January, 1954, Leslie was not quite seven years old. Her life had been spent with both parents and, because of her age, especially with her mother. The divorce would separate the parents and break up the home. Whatever the options available then to the trial judge, the family was broken and Leslie must be uprooted and begin a new life. Under such circumstances to place her custody in her mother was an exercise of sound discretion. It disturbed the child's life as little as possible. But, without criticism of Mrs. Smith, there were unforeseen developments. In six weeks, for reasons already stated, mother and daughter were no longer together. Since then Leslie has lived in the home where she was born and brought up. She gets on well with her new brothers and sister. In that home she will not be an only child. Testimony of relatives, neighbors, her school teacher, and others who know her in these surroundings, describes her as a happy, well-adjusted child, well advanced for her age and especially proficient in music. Psychiatrists called by the parties disagreed, as might be expected, on the question of which home would be most conducive to the child's happiness and welfare. The expert called by the mother testified, among other things, that Leslie had told him she wished to live with her mother; the one called by Mr. Smith testified that Leslie

had told her that she preferred her father's home. Judge DARLING interviewed the little girl and stated for the record that Leslie had told him she had given up trying to make a decision and had just left the solution in the hands of God. The new Mrs. Smith testified to her personal love for Leslie, and her own desire to have the little girl remain in that home. So now, instead of the former situation when, willy-nilly, Leslie's life must be changed and she must be uprooted, we have one where the life to which she is accustomed may be continued. The present life, according to a great deal of testimony which the court might well believe, and without any contradiction to which the court was bound to give controlling weight, is eminently satisfactory and the child progresses well under it. The alternative is to place Leslie with her own mother which is desirable, but in new surroundings and in a home headed by a comparative stranger. The existing arrangement works well in Leslie's interest. Is the alternative so clearly and certainly superior that the trial judge could not refuse to embrace it without abusing his discretion? He determined to let well enough alone. We consider he must be affirmed.

*By the Court.*—Order affirmed.