Bohn, Appellant, v. Bohn, Respondent.

*March 5—April 3, 1962.*

For the appellant there was a brief by *Doar & Knowles,* and oral argument by *James A. Drill,* all of New Richmond.

For the respondent there was a brief and oral argument by *George W. Peterson* of Balsam Lake.

FAIRCHILD, J. 1. *Order of August 25th.* The order entered August 23d was made upon notice. An order made upon notice shall not be modified or vacated except by the court upon notice.[2] The order entered August 25th purported to vacate the order of August 23d. The court should have notified the parties that it was about to consider vacating or modifying the order of August 23d before it proceeded to do so.

The order entered August 23d awarded custody of the children, some to Betty June and some to the grandfather, although, as the court later realized, the record would not support the latter part of the order. The order entered August 25th purported to change the custody of the three boys to Arlo. Betty June, as the boys' mother, was entitled to notice before entry of an order changing custody.[3] It is clear from the memorandum decision filed August 22d that the court intended to award custody as it did in the order

---

[2] Sec. 269.28, Stats.
[3] Sec. 247.24, Stats.

of August 23d, and the order of August 25th was a change in substance and no mere correction of a clerical or ministerial error.

The part of the order of August 25th which awarded custody to Arlo must be reversed.

2. *Order of August 23d.* Although this order did not continue an express finding that Betty June and Arlo were each fit to have custody, a finding that Betty June, at least, was fit was clearly implied by awarding custody of four of the children to her. Without a finding that neither parent was fit, it was error to award custody to a relative other than the parents.[4] This error is freely conceded by all, and that part of the August 23d order which awarded custody of three children to the grandfather must also be reversed.

3. *Further proceedings.* We have given serious consideration to directing that an order be entered awarding custody of Richard, Donald, and Daniel to Betty June, their mother. Such direction would have to be based upon a decision by us that an award to Arlo would be an abuse of discretion under the circumstances disclosed by the record. We do not, however, have the advantage of observation of the parties involved, as did the county court. We therefore determine that the county court, after further hearing upon proper notice to both parents and the county department of public welfare, should consider anew where the best interests of the three boys lie, and enter an appropriate order.

There are certain considerations which strongly suggest that the custody by the mother will be in the boys' best interests:

(a) All seven children have been in Betty June's immediate care ever since the parties separated. There was no testimony suggesting that her care was inadequate nor that the relationship between her and the children was anything

---

4 Sec. 247.24, Stats.

but happy. Several witnesses, including neighbors, the director of the county welfare department, and the caseworker assigned to the family, testified as to their observations of the household.

(b) Ordinarily it seems to serve the best interests of a family of children that they be kept together.

(c) In general, maternal custody is considered to be in the best interests of young children.[5] These boys are nine, seven, and five years of age.

Decision as to custody of children is highly discretionary, however,[6] and the propositions above set forth are not rules of law, but elements to be considered along with all the circumstances presented in the particular case.

The county court was very favorably impressed by Mr. Bohn, the grandfather, with whom Arlo now resides. Mr. Bohn is prosperous and four of his own children received a college education. He indicated to the court that if some of Arlo's children were put in his custody, they would be given a like opportunity. The court stressed the advantages so to be gained. We have no reason to doubt Mr. Bohn's sincerity and good qualities. We observe, however, that Richard would probably not be ready for college for nine years, and Daniel for thirteen years. Mr. Bohn was fifty-eight at the time of the hearing in 1961. Although he is presently able and willing to send the boys to college, many changes may take place before they are ready to go. It seems to us that the county court may have given undue weight to this consideration.

Mr. Bohn is able to maintain a comfortable home without difficulty. Betty June's home will probably not provide equal

[5] *Smith v. Smith* (1957), 1 Wis. (2d) 174, 177, 83 N. W. (2d) 672.

[6] *Smith v. Smith, supra,* footnote 5.

comfort. She requires public assistance, in addition to the support money paid by Arlo (or by Mr. Bohn in Arlo's behalf).

We do not gain a favorable impression of Arlo's maturity or his attitude toward the court. He testified he had been offered a steady job near his father's home, starting at $400 per month. He had postponed decision until after the hearing. If he got the children, he would take the job. If not, he would continue to work at $1.25 per hour. Although he said he had earned $102 in one week in the present job, he could not say what the monthly average would be. The county court observed Arlo, but the record suggests that it was Arlo's father rather than Arlo in whom the court had confidence.

We doubt whether placing the children in Arlo's custody in his father's home will better serve their interests than allowing them to remain with their mother.

*By the Court.*—The parts of the orders of August 23d and 25th awarding custody of Richard, Donald, and Daniel are reversed, and cause remanded for further proceedings not inconsistent with the opinion on file herein.