Holschbach, Respondent, v. Holschbach, Appellant.*

*January 31—April 12, 1966.*

For the appellant there was a brief and oral argument by *Richard J. Thuermer* of Reedsville, attorney, and *David L. Walther* of Milwaukee of counsel.

For the respondent there was a brief by *Dewane & Dewane* and *Patrick A. Dewane,* all of Manitowoc, and oral argument by *Patrick A. Dewane.*

FAIRCHILD, J. *Timeliness of the appeal.* Mr. Holschbach took his appeal April 1, 1965. This was more than one year after the oral pronouncement made by the court at the close of the trial, August 5, 1963. It was more than six months, but less than one year, after the entry of judgment June 29, 1964. If the time for appeal from a judgment of legal separation be governed by sec. 274.01, Stats., then the appeal was not timely with respect to any portion of the judgment. If, however, the time for appeal from a judgment of legal separation be governed by sec. 247.37 (4), which is clearly applicable to a judgment of divorce, then the time for appeal runs for one year from the date the judgment was "granted." In the instant case, the question would then be whether the judgment was "granted" August 5, 1963, or June 29, 1964.

It is clear that a judgment of divorce is "granted" under sec. 247.37 (4), Stats., when it is orally pro-

nounced from the bench.[1] If that section be applicable to a judgment of legal separation, we have no doubt that a judgment of legal separation was "granted" in this case on August 5, 1963, even though the court left open the matters of property division, alimony, support money and the like, and those matters were first determined when the written judgment was entered June 29, 1964. Counsel has pointed out that at the time of oral pronouncement, the court did not specify that the separation was "forever," subject to revocation in the event of reconciliation, as later specified in the written judgment. It is, however, a fair interpretation of the court's language that it was so intended.

Sec. 274.01, Stats., governs the time for appeal from any judgment "Except as otherwise provided." Thus we reach the question of whether sec. 247.37 (4) is a special provision for the time for appeal from a judgment for legal separation as well as for appeal from a judgment of divorce.

Sec. 247.37, Stats., is entitled "Effect of judgment of divorce." Sub. (1) (a) thereof refers only to a judgment of divorce and is clearly not applicable to a judgment of legal separation. Sub. (1) (b), however, requires certain procedure with respect to "any judgment for a divorce or legal separation." Although "judgment of divorce" is referred to in other parts of the section, other references are merely to "said judgment" or "such judgment."

Sub. (2) of sec. 247.37, Stats., empowers the court to modify "said judgment" so far as it affects the marital status of the parties, within one year from the granting thereof. This court, in *Chase v. Chase* [2] decided that sub. (2) is applicable to a judgment of legal separation as well as a judgment of divorce.

---

[1] *Brackob v. Brackob* (1953), 265 Wis. 513–518, 61 N. W. (2d) 849.

[2] (1963), 20 Wis. (2d) 258, 122 N. W. (2d) 44.

Sec. 247.37 (4), Stats., governs the time for appeal from "said judgment."

Prior to 1959, there was no reference in sec. 247.37, Stats., to a judgment for divorce from bed and board (which, since 1959, has been termed "legal separation") and it was clear that the power of modification within one year, given by sub. (2), and the allowance of one year for appeal, made by sub. (4) applied only to a judgment of divorce from the bonds of matrimony (now termed, simply, divorce).

Legislative Council Notes to the proposed Family Code, enacted by ch. 595, Laws of 1959, indicated both with respect to sub. (2) and sub. (4) that they were restatements of present law except for changes not material to our present question.

Had we considered fully this legislative history at the time we decided *Chase v. Chase,* we might well have concluded that sec. 247.37 (2), Stats. (authorizing modification within one year) did not apply to a judgment of legal separation.

Because, however, of the probability that many courts and litigants must have relied on *Chase* in the period since it was decided, almost three years ago, and since a majority of the court consider it logical and appropriate that the time for appeal should correspond with the period allowed for modification, the court concludes that *Chase* should not be overruled, and sec. 247.37 (4), Stats., should also be read as applying to a judgment of legal separation as well as to a judgment of divorce.

Accordingly, it is held that the time for appeal from that part of the Holschbach judgment which granted a legal separation ran for one year from the oral pronouncement of the court August 5, 1963; that the present appeal, in that respect, is untimely and must be dismissed.

*Other provisions of the written judgment.* On August 5, 1963, the court indicated that a number of matters would be determined after further proceedings. Such

determinations appear to have been first made and announced on June 29, 1964, when the findings of fact and conclusions of law were filed and the judgment entered.

Mr. Holschbach contends that a miscarriage of justice has occurred because of confusion and lack of clarity in the record. He admits, as the record bears out, that he failed to have counsel represent him at the trial and that this was due to his own fault. We find no reason to exercise our discretion to order a new trial with respect to the property division, support money and other issues as to which review is still timely.

His counsel has, however, called our attention to one feature of the judgment which should be modified. In the interim between the oral pronouncement of legal separation on August 5, 1963, and the entry of judgment, the court stated that the parties were to be governed by an order of the family court commissioner dated December 20, 1962. This order required defendant to pay $50 per week support money and did not require temporary alimony; it required him to pay certain attorneys' fees. The judgment as entered June 29, 1964, ordered him to pay $74 per week support money and $1 per week alimony. It ordered him to pay $500 additional attorneys' fees. Because the judgment was entered "as of August 5th, 1963," it retroactively increased the payments he had been required to make. We conclude that the judgment should be modified to eliminate this retroactive effect.

*By the Court.*—Insofar as the judgment awarded legal separation, the appeal is dismissed. The remainder of the judgment is modified so that the increase in the amount of support money to be paid, the provision for alimony, and the obligation to pay the $500 additional amount of attorneys' fees all became effective June 29, 1964, and, as so modified, the remainder of the judgment is affirmed. No costs allowed in this court.