de MONTIGNY, Appellant, v. de MONTIGNY, Respondent.

*No. 170 (1974). Argued September 8, 1975.—Decided*
*October 2, 1975.*
(Also reported in 233 N. W. 2d 463.)

For the appellant there was a brief and oral argument by *Roy T. Traynor* of Wausau.

For the respondent there was a brief by *Evrard, Duffy, Holman, Faulds & Peterson* of Green Bay, and oral argument by *James R. Faulds*.

HEFFERNAN, J. This appeal is from the granting of a modified judgment of the county court of Shawano-Menominee county that transferred custody of the de Montigny children from the mother, Barbara, with whom the children had been placed following the divorce, to their father, Lionel.

The defendant, Lionel, has moved to dismiss the appeal, contending that, because the appeal was taken from the judge's posthearing "decision" and not from the amended judgment filed at a later date, the purported appeal is not within the jurisdiction of this court.

We conclude that this court has jurisdiction to proceed. The appeal was properly taken from the judge's "decision." Divorce and actions affecting marriage are "sui generis," and an appeal may be taken from the "granting" of a judgment. Appeal need not be from a filed judgment or docketed order.

Nevertheless, we decline to proceed with a disposition on the merits. Rather, we vacate and remand for further proceedings, because, contrary to the mandate of sec. 247.045, Stats. (Supreme Court Order, 50 Wis. 2d vii, ix), and the repeated admonitions of this court, the trial judge, in a matter where there was abundant "reason for special concern as to the future welfare of the minor children," failed to appoint a guardian *ad litem* to represent the minor children.

The plaintiff, Barbara de Montigny, was granted a divorce and custody of the five children of the parties on May 25, 1973. Judgment of divorce was not entered until November 26, 1973. In May of 1974, the defendant, Lionel de Montigny, sought, by order to show cause, to have the custody of the five children transferred to him. A hearing on Lionel de Montigny's petition was held on June 6, 1974. On June 11, 1974, the trial judge issued a "decision," in which he stated:

". . . I am going to change the custody . . . . I am retaining jurisdiction . . . regardless of whether or not I am permitting them to move out of the State . . . . The effective date of this new order will be July 1, 1974, when I expect the change in custody to be made. Also, this court will take up the offer of the defendant . . . that he will furnish her [plaintiff] with the tickets for round-trip transportation . . . .

"The balance of the judgment, not disturbed or contradicted by this decision, shall remain in full force and effect."

On June 24, 1974, plaintiff served a notice of appeal from the June 11th decision. On June 27th the trial court formally entered an amended judgment, which incorporated the change in custody granted in the decision of June 11th.

The defendant promptly objected to the jurisdiction of this court on the ground that the action of the county court on June 11, 1974, did not constitute a judgment or an appealable order. Although defendant would concede that this court has subject matter jurisdiction over an appeal from the June 27, 1974, judgment, defendant argues that no appeal was taken from that judgment, and, accordingly, that this court is without personal jurisdiction and can only dismiss.

Defendant relies on the generally accepted rule in respect to appealable orders. Appealability, in ordinary actions subject to the provisions of sec. 274.33, Stats., has been recently exhaustively discussed in *Walford v. Bartsch* (1974), 65 Wis. 2d 254, 222 N. W. 2d 633. Sec. 274.33 (1) provides:

"274.33 **Appealable orders.** The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

Defendant correctly asserts that the action of the trial judge, although arguably an order, and determinative of substantial rights of the parties, nevertheless fails under the sec. 274.33 (1), Stats., test, because it did not prevent the entry of a judgment, and in fact on its face contemplated the subsequent entry of an amended judgment. Sec. 274.33 (1), however, is not determinative of the appealability of the judicial action here under scrutiny.

Sec. 274.01, Stats., refers to the time within which an appeal can be taken to this court and makes it clear that the time limit there imposed may vary in other circumstances and be subject to statutory exceptions elsewhere.

One such exception is set forth in sec. 247.37 (4), Stats., which provides:

"Such judgment [of divorce] or any provision of the same, may be reviewed by an appeal taken within 6 months from the date when such judgment was *granted.*" (Emphasis supplied.)

This statute makes it clear that not only is the time for appeal to be varied in divorce actions, but also that the event that triggers the appeal is not the entry of a judgment, but its "granting."

Thus, the time within which an appeal can be taken in matrimonial matters is to be computed from the time of the judge's pronouncement or granting of the proposed judgment. It was so held in *Holschbach v. Holschbach* (1966), 30 Wis. 2d 366, 141 N. W. 2d 214, in respect to the effective date of legal separation, and in *Brackob v. Brackob* (1953), 265 Wis. 513, 61 N. W. 2d 849, in respect to the date from which an appeal must be taken to this court from a judge's oral pronouncement of a divorce. *Brackob* also stated that property of the parties was to be valued on that date and not on the date a judgment might eventually be entered.

*Brackob* relies upon *Zahorka v. Geith* (1906), 129 Wis. 498, 109 N. W. 552. That case cited with approval the proposition that in divorce cases a " '[j]udgment becomes rendered and the rights of the parties established at the time the court pronounces its decision . . . .' " (p. 505)

*Holschbach, supra,* relies upon this rationale and makes clear that, in respect to matters affecting provisions of a divorce judgment, not only does the judge's decision trigger the time from which an appeal may be taken, but also commences the period within which an appeal must be taken. As *Holschbach* points out, an appeal taken within one year of the formal entry of a divorce judgment will not be timely if not taken within a year of the judge's decision in "granting" judgment. The "granting" of the judgment is the appealable event.

In the instant case, the amended judgment was granted on June 11, 1974, to be effective July 1, 1974. The judge's decision fixed the rights of the parties and commenced the running of the time for appeal. The "granting" of the modified judgment by the decision of the trial judge on June 11th constituted a judicial act from which an appeal could be taken. The motion to dismiss is denied.

Sec. 247.045, Stats.¹ (Supreme Court Order, 50 Wis. 2d vii, ix, July 1, 1971), requires that a guardian *ad litem*

---

¹ "247.045  **Guardian ad litem for minor children.** In any action for an annulment, divorce, legal separation, or otherwise affecting marriage, when the court has reason for special concern as to the future welfare of the minor children, the court shall appoint a guardian ad litem to represent such children. If a guardian ad litem is appointed, the court shall direct either or both parties to pay the fee of the guardian ad litem, the amount of which fee shall be approved by the court. In the event of indigency on the part of both parties the court, in its discretion, may direct that the fee of the guardian ad litem be paid by the county of venue.

"**Comment:** This section provides that in any action for an annulment, divorce, legal separation, or otherwise, where the court

be appointed to represent minor children "[i]n any action . . . when the court has reason for special concern as to the future welfare of the minor children."

In the instant case the only question before the trial judge was whether, in view of allegedly changed circumstances, a transfer of custody was warranted. The only matter at issue was the future welfare of the minor children of the divorced parents. During the course of the hearing, the trial judge indicated that any change of custody would be impelled by the possibility of the adverse effect on the children as the result of the proposed marriage of the mother. Yet, despite this expression of concern, the mandate of sec. 247.045, Stats., and the expressed willingness of the plaintiff's attorney that a guardian *ad litem* be appointed, the judge inexplicably, failed so to act.

In some actions or proceedings affecting marriage, there may be no special concern for the welfare of the children, simply because the matter at issue will have little effect on the welfare of the children.

In the event the matter at issue may only peripherally affect the future welfare of the children, it is within the discretion of the trial judge to determine whether the concern is "special" and requires the appointment of a guardian *ad litem.*

In a case such as this, however, it is an abuse of discretion, patently prejudicial, to fail sua sponte to appoint a guardian *ad litem* for the minor children. By definition, a petition for an order to show cause why the

---

determines there is reason for special concern for future welfare of the minor children, the court shall appoint a guardian ad litem for representation of the children. If a guardian ad litem is appointed, the court shall direct payment of fees by either or both parties. If the parties are indigent, the court, in its discretion, may direct that the fee be paid by the county. In all cases the court shall approve the amount of the fee of the guardian ad litem." 50 Wis. 2d vii, ix.

custody of minor children should not be changed raises a question of "special concern" for the future of the minor children. A trial judge faced with a decision to continue a present custody or terminate it in favor of an alternate custody, unless the petition for alteration of custody is on its face frivolous, is required to appoint a guardian *ad litem* for the children.

For more than twenty years this court has urged and sometimes insisted on the appointment of a guardian *ad litem* in disputed custody cases. *Edwards v. Edwards* (1955), 270 Wis. 48, 70 N. W. 2d 22, 71 N. W. 2d 366.

In *Wendland v. Wendland* (1965), 29 Wis. 2d 145, 156, 138 N. W. 2d 185, we stated that, in some disputed custody cases, "a guardian *ad litem* should be appointed."

In *Wendland,* we recognized that children of a broken marriage were parties in interest entitled to representation. Accordingly, we pointed out that a guardian *ad litem* was "an advocate for their interests." (p. 156) As in *Edwards, supra,* page 56b, we said that a guardian *ad litem,* as counsel to a party in interest, had the right and obligation to interview his clients, to make such investigation as he considers appropriate, to call witnesses in behalf of the children, and to cross-examine other witnesses.

It is clear that a guardian *ad litem* appointed to represent children is more than a nominal representative appointed to counsel and consult with the trial judge. Rather, he has all the duties, powers, and responsibilities of counsel who represents a party to litigation.

The admonitions of *Wendland* were reiterated in *Koslowsky v. Koslowsky* (1969), 41 Wis. 2d 275, at p. 282, fn. 3, 163 N. W. 2d 632.

In *Dees v. Dees* (1969), 41 Wis. 2d 435, 164 N. W. 2d 282, the advice of *Wendland* and *Koslowsky* was repeated. We said that, under the circumstances, "the trial court should have appointed an attorney to serve as

guardian *ad litem* for the child . . . ." (p. 444) *Dees*
emphasized that children of marriage severed by divorce
"are . . . parties to [the] action" (p. 444) that inquires
into their custody.

In *Gochenaur v. Gochenaur* (1969), 45 Wis. 2d 8, 172
N. W. 2d 6, we remanded a custody proceeding, saying:

> "Since there has been no adequate inquiry into what
> is in the best interests of the children we must remand
> for further proceedings. In this connection we direct
> the trial court to appoint a guardian *ad litem* to represent
> and speak for the best interests of the three children
> at the new hearing. This is a procedure which we have
> heretofore recommended on at least three separate occa-
> sions." (p. 19)

In *Molloy v. Molloy* (1970), 46 Wis. 2d 682, 176
N. W. 2d 292, we noted that a guardian *ad litem* was not
appointed to represent the five-year-old child of divorced
parents. While we reversed on other grounds, we directed
that on remand a guardian *ad litem* be appointed.

In *Pfeifer v. Pfeifer* (1974), 62 Wis. 2d 417, 215
N. W. 2d 419, by a divided court, we concluded that
the trial judge did not abuse his discretion when he
failed to appoint a guardian *ad litem* to represent the
interests of minor children in a divorce-custody dispute.
In that case the majority reasoned that, on the basis of
the pleadings, it appeared that the fitness of neither
of the contending parties would adversely affect the
welfare of the children—that the welfare of the children
would be served by a permanent placement with either
parent. The court in effect concluded that a trial judge
does not abuse his discretion in failing to appoint a
guardian *ad litem* unless he is forewarned that the issues
presented give " 'reason for special concern as to the
future welfare of the minor children.' "

In *LaChapell v. Mawhinney* (1975), 66 Wis. 2d 679,
225 N. W. 2d 501, we remanded a custody dispute to
the trial court upon concluding that the court failed to

make sufficient inquiry into the question of what is in the best interests of the children. We pointed out that, in order to make that inquiry, the trial court should "appoint a guardian *ad litem* to represent and speak for the best interests of the children." (p. 685)

By this decision we reaffirm the position of this court expressed over a period of twenty years and specifically codified in 1971 by sec. 247.045, Stats., that minor children in an action affecting marriage, as defined in sec. 247.03, are necessary, and indeed indispensable, parties to the proceeding and must be represented in their own capacity as parties.[2]

We recognize that the interest of the child is distinct and separate from that of other parties to the litigation and that in some cases even the interests of siblings may be incompatible with each other and require separate representation.

It is, therefore, required that the guardian *ad litem* be instructed that his only purpose is to determine which of the available alternatives is in the best interest of his minor clients. Where home environment has been broken by marital discord resulting in contested proceedings affecting children, there may well be no felicitous and completely satisfactory disposition, and in such circumstances a guardian *ad litem* may well advocate that the least detrimental alternative is to leave well enough alone (*Smith v. Smith* (1957), 1 Wis. 2d 174, 179, 83 N. W. 2d 672), or may urge that custody be given to one of the contending parties, or may advocate a

---

[2] For an excellent discussion of the importance of the guardian *ad litem* in divorce proceedings and an analysis of recent Wisconsin cases in this area, see, Podell, *The "Why" Behind Appointing Guardians Ad Litem for Children in Divorce Proceedings*, 57 Marq. L. Rev. (1973), 103. Judge PODELL is a member of the Wisconsin Bar, Chairman of the Family Law Section of the American Bar Association, and Circuit Court Judge, 2d Circuit, Milwaukee county.

placement of his client with neither of the warring adversary parties if the circumstances dictate.

The guardian *ad litem* is more than an adjunct to the court. He is the attorney for the children and their interests. He must perform his duties in accordance with the standards of professional responsibility adopted by this court. Code of Professional Responsibility, 43 Wis. 2d, December 16, 1969. Nominal representation that fails to assure that children are treated as parties to the action is insufficient and constitutes a breach of the duties of professional responsibility.

We do not by our reaffirmation of sec. 247.045, Stats., diminish the quasi-judicial responsibilities of the family court commissioner, whose duty it is to represent the public interest in the maintenance of the marriage relationship and to advise the judge "as to the merits of the case and the rights and interests of the parties" (sec. 247.15) in cases where reconciliation efforts fail.

The family court commissioner remains an integral and necessary representative of the public interest in all divorce cases, and his recommendations under circumstances outlined in sec. 247.15, Stats., are a prerequisite to a valid judgment.

In our review of this case we note that in the original divorce the family court commissioner was dismissed by the trial judge without it appearing on the record that he had been given an opportunity to carry out the statutory duties set forth in ch. 247. Since the time for appeal in respect to the original divorce judgment has long since passed, we do not predicate our disposition of this appeal upon that deficiency. We, however, invite the attention of trial courts and family court commissioners to the duties of that office as set forth in ch. 247. It is contrary to the legislatively expressed public interest, and may jeopardize the validity of a divorce judgment, if the family court commissioner either neglects to perform his statutory duties or is prevented

from performing them by his premature and summary dismissal from the case.

Where the most important parties to the proceedings were wholly without their own representation, adequate fact finding and enlightened and informed decision making are impossible. The judgment of the trial court modifying the original judgment is vacated.

If further proceedings are desired upon the order to show cause why custody should not be transferred to Lionel de Montigny, the petition shall be resubmitted to the trial judge; and prior to service of the order to show cause, a guardian *ad litem* shall be appointed and service be made upon him at the same time that service is made upon the respondent to the order to show cause. In the event of further proceedings, the guardian *ad litem* shall be given full opportunity to represent the interests of the children and shall have all the rights and responsibilities of counsel for parties to a cause of action. The guardian *ad litem* shall be appointed in sufficient time to make a full and adequate investigation, to prepare for trial, to consult with social service agencies, and to subpoena witnesses.

*By the Court.*—The judgment granted on June 11, 1974, and the formal modified judgment of June 27, 1974, that followed are vacated; the custody of the children is returned to Barbara de Montigny in accordance with the original judgment.

The physical transfer of the children is to take place at such time as may be determined in the discretion of the trial judge. The evidence of record at the time of the original divorce does not indicate that the father is an unfit parent. The oral arguments revealed that the children are presently with their father in Virginia and are attending school there. It may well be in their best interest not to uproot them peremptorily during the current school term.

The return to the physical custody of their mother should not, however, be deferred beyond the end of the

present semester, unless in the interim a new proceeding is brought and a custody determination contrary to the original award is made.

It is, of course, within the discretion of the trial judge to order an immediate return of the children if it appears such is in the best interest of the children.

The record is remanded to the trial court for further proceedings not inconsistent with this opinion.

BEILFUSS, J. *(concurring)*. I agree that in this case the matter should be remanded and a guardian *ad litem* appointed to represent the minor children because of special concern for the future welfare of the minor children who have not been adequately protected.

However, I believe the opinion as written leaves very little room for the exercise of discretion by the trial court in determining whether a guardian *ad litem* should be appointed. In many cases where custody of minors is at issue, the parties are well represented by able counsel who recognize that the best interests of the children are the standard the judge must follow, and prepare and present their cases accordingly. Further, the court often has the impartial advice of the family court commissioner and social workers of welfare agencies. In these instances the investigations and trial participation and opinions of a guardian *ad litem* can be cumulative and redundant and a source of substantial additional costs and fees that parties can ill afford. These funds could better be used for the best interests of the children in many of those cases where there is much to do for the children and not enough to do with, even though the parties cannot be classified as indigent. I would require a clear showing of abuse of discretion on the part of the trial court before we reverse for failure to appoint a guardian *ad litem*.

I am authorized to state that Mr. Justice CONNOR T. HANSEN joins this concurring opinion.