Sharon VANDE HOVEN, Petitioner,

v.

Michael VANDE HOVEN, Respondent.

Civ. No. 10484.

Supreme Court of North Dakota.

July 15, 1983.

Ramlo Law Office, Fargo, for petitioner; argued by Robert A. Ramlo, Fargo.

Ella Van Berkom, Minot, for respondent; argued by Ella Van Berkom.

Wendy P. Schulz, Jamestown, Guardian ad Litem; argued by Wendy P. Schulz.

ERICKSTAD, Chief Justice.

This is a divorce case in which the petitioner, Sharon Vande Hoven, requests this Court to take original jurisdiction to issue a supervisory writ staying certain interim provisions allegedly imposed by the District Court of Stutsman County on July 1, 1983. Sharon filed an ex parte application requesting this relief on July 7, 1983, at which time we imposed a temporary stay and scheduled oral arguments for July 14, 1983. We vacate the temporary stay, and we deny Sharon's request for a supervisory writ.

During June, 1982, Sharon commenced a divorce action against the respondent, Michael Vande Hoven. During August, 1982, the district court entered an interim order granting Sharon temporary custody of the parties' five minor children with reasonable visitation rights for Michael. A trial on the divorce action has currently been scheduled for August 3, 1983.

During June, 1983, Michael filed a motion requesting the district court to hold Sharon in contempt for failing to allow visitation as provided in the interim order and requesting that temporary custody be transferred to him. Sharon then filed a petition for the appointment of a guardian ad litem to represent the minor children.

On July 1, 1983, a hearing was held before the district court on these matters during which Sharon resisted Michael's motion with affidavits that Michael had sexually molested two of the minor children. Although the district court ruled from the bench that an order would issue appointing a guardian ad litem to immediately arrange for supervised visitation between Michael and the children, no order has been filed by the court.

In requesting a supervisory writ staying Michael's visitation rights, Sharon asserts that even supervised visitation would be extremely harmful to the children because of the fear they have of their father, especially now after they have informed on him regarding the alleged occurrences of incest. She asserts that the children should not be forced to be in their father's presence pending a hearing and final determination on the merits of the divorce action. Without deciding this issue, because this case is improvidently before us, it appears that the fully supervised visitations under the control of the guardian ad litem, as contemplated by the trial court's statements from the bench, constitute a reasonable approach by the district court and that an order reflecting this approach would not constitute an abuse of discretion by the court.

Sharon also asserts that, in appointing a guardian ad litem to represent the children, the district court intends to restrict the guardian's authority as an advocate for the children, basically limiting the guardian's role to that of monitoring Michael's visitations with the children. Sharon asserts that any restrictions on the guardian ad litem's authority to represent the children would violate the letter and spirit of Section 14–09–06.4, N.D.C.C., and of Rule 4.1, N.D.R. O.C.:

"14–09–06.4. *Appointment of guardian ad litem for children in custody, support, and visitation proceedings.* In any action for an annulment, divorce, legal separation, or other action affecting marriage, where either party has reason for special concern as to the future of the minor children, and in actions affecting the marriage relationship where the custody of such children is contested, either party to the action may petition the court for the appointment of a guardian ad litem to represent the children concerning custody, support, and visitation. The court, in its discretion, may appoint a guardian ad litem on its own motion. If appointed, a guardian ad litem shall serve as an advocate of the children's best interests. The court may direct either or both parties to pay the guardian ad litem fee established by the court. If neither

of the parties are able to pay the fee, the court may direct the fee to be paid, in whole or in part, by the county of venue. The court may direct either or both parties to reimburse the county, in whole or in part, for such payment." § 14–09–06.-4, N.D.C.C.

"*Rule 4.1*

"APPOINTMENT OF GUARDIAN
AD LITEM

"In any action for an annulment, divorce, legal separation, or otherwise affecting marriage, in which the court has reason for special concern as to the future welfare of the minor children, the court shall appoint a guardian ad litem to represent such children. If a guardian ad litem is appointed, the court shall direct either or both parties to pay the fee of the guardian ad litem, the amount of such fee shall be approved by the court." Rule 4.1, N.D.R.O.C.

The contemplated guardian ad litem, Wendy Schulz, takes a position which is consistent with Sharon's position. Wendy asserts that caselaw in Wisconsin and Alaska supports the view that a court should not place limitations on a court-appointed guardian ad litem. Wendy has cited the following cases in support of her view: *Veazey v. Veazey,* 560 P.2d 382 (Alaska 1977); *Bahr v. Galonski,* 80 Wis.2d 72, 257 N.W.2d 869, 874 (1977); *de Montigny v. de Montigny,* 75 Wis.2d 131, 233 N.W.2d 463 (1975); *Wendland v. Wendland,* 29 Wis.2d 145, 138 N.W.2d 185 (1965).

Wendy urges this Court to adopt Wisconsin's approach to the guardian ad litem's role:

"[A] guardian ad litem, as counsel to a party in interest, [has] the right and obligation to interview his clients, to make such investigation as he considers appropriate, to call witnesses in behalf of the children, and to cross-examine other witnesses.

"It is clear that a guardian ad litem appointed to represent children is more than a nominal representative appointed to counsel and consult with the trial judge. Rather, he has all the duties, powers, and responsibilities of counsel who represents a party to litigation." *de Montigny v. de Montigny, supra* 233 N.W.2d at 467.

Because this case is improvidently before us from a procedural standpoint, we do not decide this issue. Nevertheless, we note that, in light of the very serious allegations made in this case regarding the parties' conduct, and particularly Michael's sexual contact with the children, it appears to be in the best interests of the children to have their guardian ad litem bestowed with full advocacy authority under Section 14–09–06.4, N.D.C.C.

■ Our superintending control over inferior courts is an extraordinary power which allows this Court to provide a corrective remedy to prevent a gross injustice where there is no adequate remedy by appeal. *State v. Lynch,* 138 N.W.2d 785 (N.D. 1965).

■ We conclude that no order or other decree of the district court relative to these matters has been entered as to which the relief requested by Sharon could now be applied. We further conclude that Sharon has failed to demonstrate the occurrence of a gross injustice for which there is no adequate remedy by appeal. Accordingly, we vacate the stays entered by this Court on July 7, 1983, and we deny Sharon's request for a supervisory writ.

VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

SAND, Justice, specially concurring.

I concur in the majority opinion.

I participated in granting the initial stay order but did so because the application made only an oblique reference to the supervision that was to be conducted by the guardian ad litem regarding the visitation between the father and the children. The application stated "that her [Wendy Schulz, Guardian Ad Litem] involvement be limited to supervising the immediate visitation to take place between the father and the children and that she prepare a written report

and report to the Court her findings and conclusions prior to the trial." The transcript, however, now discloses that the court order provided as follows: "It will be further ordered on the part of this Court that a guardian ad litem will be appointed and the guardian ad litem will be with these children at all times or will have a supervisor with these children at all times when these visitations are taking place." If this information had been available, I would not have agreed to the initial stay order.

I am also convinced that the guardian ad litem must assume a neutral position in the divorce action and shall not lend support to one party or the other but must only be concerned with the best interests of the children.

VANDE WALLE, J., concurs.