IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Frank X. KINAST, Attorney at Law.

Supreme Court

*No. 93–2047–D. Submitted on briefs March 9, 1995.—Decided
April 19, 1995.*

(Also reported in 530 N.W.2d 387.)

For the Board of Attorneys Professional Responsibility there were briefs by *John O. Olson* and *Braden & Olson,* Lake Geneva.

For Frank X. Kinast there was a brief by *Frank X. Kinast,* Beloit.

PER CURIAM.   *Attorney disciplinary proceeding; attorney reprimanded.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's conclusions that Attorney Frank X. Kinast did not engage in professional misconduct by interviewing the minor children of a party he represented who were the subject of a custody dispute in a divorce action without the knowledge or consent of the children's guardian ad litem, by subsequently not informing the guardian of that interview when he made a request to the guardian to interview the children and by preparing a budget document for a party to present at the divorce hearing after the court had removed him as her attorney in the proceeding. The Board did not appeal from the referee's recommendation for dismissal of its claim that Attorney Kinast engaged in professional misconduct by providing a social worker with a blank will form and suggesting language for her use in preparing a will for his client naming his daughter her beneficiary.

We determine, contrary to the referee's conclusion, that Attorney Kinast's interview with the children without the knowledge and consent of their guardian

ad litem violated the rule, SCR 20:4.2,[1] prohibiting a lawyer from communicating with a party the lawyer knows to be represented by counsel concerning the matter for which the lawyer was retained unless the lawyer has the consent of the other lawyer or is authorized by law to do so. However, for reasons set forth below, we impose no discipline for that violation. We also determine that Attorney Kinast's preparation of a budget for a former client to use at a divorce hearing after he had been removed by the court as her attorney in that proceeding constituted professional misconduct. Because of the mitigating circumstances set forth below, we determine that Attorney Kinast's disobedience of the court's order warrants a reprimand.

Attorney Kinast was admitted to practice law in Wisconsin in 1947 and practices in Beloit. He has been disciplined for professional misconduct on two prior occasions. In 1984, the court publicly reprimanded him for having charged a clearly excessive fee for his representation of a client in a divorce proceeding. *Disciplinary Proceedings Against Kinast,* 121 Wis. 2d 25, 357 N.W.2d 282 (1984). In 1993, the court suspended his license to practice law for 60 days as discipline for failing to withdraw from a client's representation after being discharged by the client, charging a fee for work he had not been authorized to perform, continuing to assert that he represented the client after he was discharged when his interests in the legal matter conflicted with the client's and failing to abide

---

[1] SCR 20:4.2 provides:

**Communication with person represented by counsel**
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

by the client's decision concerning the objectives of representation and for charging clients an unreasonable fee in another matter. *Disciplinary Proceedings Against Kinast,* 180 Wis. 2d 32, 508 N.W.2d 380 (1993). The referee in the instant proceeding is Attorney Charles S. Van Sickle.

The first claim of professional misconduct alleged in the Board's complaint concerned Attorney Kinast's having assisted a client in the preparation of her will designating his daughter her principal beneficiary. The client, whom Attorney Kinast had represented for a long time, had no immediate relatives and became friends with Attorney Kinast's daughter, who visited her on occasion and communicated with her frequently by telephone and letter over a period of ten years.

In 1991 the client told Attorney Kinast she wanted to change her will and leave her estate to his daughter. Attorney Kinast told his client he could not act as her lawyer in the preparation of such a will and advised her to obtain other counsel. Despite the client's insistence, Attorney Kinast did not act as her lawyer in the matter but, in response to her specific request, gave a social worker at the nursing home where the client resided a blank will form and instructed her in the procedure for it to be completed, signed and witnessed and gave her a paper setting forth language for making bequests. Attorney Kinast did not provide the social worker the name of a beneficiary to be designated on the form and did not tell her or the nurse who served as a witness that his client had told him she was leaving her estate to his daughter. When the blank form was completed and the will executed, only the client, the social worker and the nurse were present. The referee specifically found that when the client instructed the social worker

to insert the name of Attorney Kinast's daughter as her beneficiary, the client was under no undue influence.

The Board did not appeal from the referee's conclusion that Attorney Kinast did nothing to influence the client or the social worker and did not violate the conflict of interest provision of SCR 20:1.8(c)[2] or induce the social worker to do so. We adopt that conclusion and, accordingly, dismiss that claim of professional misconduct.

The remaining claims of professional misconduct alleged in the Board's complaint concerned Attorney Kinast's conduct during the course of a divorce action in 1991 in which he represented the wife. Although he knew an attorney had been appointed guardian ad litem for the parties' two minor children, whose custody was in dispute, Attorney Kinast, without the guardian's knowledge or consent, had his client bring the children to his office, where he had a five-minute conversation with them in the presence of their mother. In the course of the divorce litigation, the mother testified that Attorney Kinast had asked the children about their school and commented that they probably would like to live with both of their parents.

---

[2] SCR 20:1.8 provides, in part:

**Conflict of interest: prohibited transactions**

. . .

(c) A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where (1) the client is related to the donee, (2) the donee is a natural object of the bounty of the client, (3) there is no reasonable ground to anticipate a contest, or a claim of undue influence or for the public to lose confidence in the integrity of the bar and (4) the amount of the gift or bequest is reasonable and natural under the circumstances.

On the day following that interview, the husband's attorney told the guardian ad litem that he had learned the mother was going to take the children to see Attorney Kinast and the guardian then wrote to Attorney Kinast that he would not permit him or the father's attorney to talk with the children. In response, Attorney Kinast told the guardian he would like to interview the children and asked the guardian to be present during the interview but he did not tell the guardian of the meeting that already had taken place.

Subsequently, during a hearing on the husband's motion for temporary custody of the children, Attorney Kinast stated to the court commissioner that the children had told him they wanted to live with their mother. Thereafter, the husband's attorney filed a motion seeking to have Attorney Kinast disqualified from representing the wife in the divorce action on the ground that he had interviewed the parties' children without their guardian ad litem's consent. Following a hearing on that motion, the court ordered Attorney Kinast removed as attorney for the wife and enjoined him from communicating with anyone, including successor counsel, regarding the divorce action. The court subsequently amended that order to authorize Attorney Kinast to assist his client in obtaining new counsel.

Attorney Kinast's former client was unsuccessful in her attempts to obtain successor counsel, as she had no funds to pay the retainer required by the attorneys she contacted and was ineligible for representation by Legal Aid because her husband's income and assets were substantial. Shortly before the divorce hearing and three months after the court had removed him as her attorney, the former client contacted Attorney Kinast and asked him if there were any papers she should bring with her to that hearing. In response,

Attorney Kinast prepared and gave her a one-page handwritten budget based on material he had in the former client's file to present to the court at the hearing.

The referee concluded that Attorney Kinast did not violate SCR 20:4.2 by interviewing the children without their guardian ad litem's consent, based on his findings that the interview with the children was "innocuous" in that Attorney Kinast had not attempted to influence or in any manner persuade the children to his client's advantage and that, as established by testimony at the disciplinary hearing, it was the common practice in Rock county for an attorney for one of the parties in a divorce action not to seek permission of the guardian ad litem prior to interviewing the children of the parties. The referee concluded further that Attorney Kinast was not obligated to inform the guardian ad litem that he had interviewed the children.

The referee's conclusion that there was no violation of SCR 20:4.2 was also based on his determination that the children themselves were not parties to the divorce proceeding but that the "party" represented by the guardian was the children's best interests. Therefore, the referee concluded, because the children were not "parties," SCR 20:4.2 did not require Attorney Kinast to obtain the guardian's consent to interview them. The referee acknowledged, however, that there was substantial uncertainty whether the prohibition of SCR 20:4.2 applied to children involved in divorce actions and suggested that such doubtful application of the disciplinary rule ought not constitute a basis for the imposition of discipline on an attorney for its violation under those circumstances.

Finally, the referee concluded that Attorney Kinast did not violate the rule, SCR 20:1.16(a),[3] requiring an attorney to withdraw from representation upon being discharged when he prepared a budget for his former client after the court had removed him as her attorney. In reaching that conclusion, the referee noted that the woman, who had a ninth grade education, was going into court the following day without an attorney where, in the referee's words, "[s]he would be facing two very good attorneys, one advocating the interest of her husband, and the guardian ad litem who appeared to be of the same mind insofar as the children were concerned." The referee found that, under those circumstances, Attorney Kinast believed he was obligated to assist his former client and, further, that the budget he prepared for her caused no harm.

In its appeal, the Board correctly contended that the referee erred in concluding Attorney Kinast's interview with the children without the knowledge or consent of their guardian ad litem did not violate SCR 20:4.2 because the children were not "parties" to the divorce proceeding. As we have stated previously, children in a divorce proceeding "are necessary, and indeed indispensable, parties to the proceeding and must be represented in their own capacity as parties." *de Mon-*

---

[3] SCR 20:1.16 provides, in part:

**Declining or terminating representation**

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.

*tigny v. de Montigny,* 70 Wis. 2d 131, 140, 233 N.W.2d 463 (1975).

Moreover, the rule prohibiting a party's lawyer from communicating with another party without the consent of that party's attorney is intended to protect litigants from being intimidated, confused or otherwise imposed upon by counsel for an adverse party. Children involved in divorce litigation are no less entitled to the protection that rule affords than are adult parties to the litigation. Any confusion that may exist among lawyers in Rock county or elsewhere in the state regarding the application of SCR 20:4.2 to children represented by a guardian ad litem is hereby resolved.

■ While we conclude that Attorney Kinast's interview with the children was in violation of SCR 20:4.2, we determine that because of the prevailing erroneous practice of attorneys in Rock county and the uncertainty whether the rule applied to children in divorce proceedings, no discipline is warranted for that violation. Having so determined, it is unnecessary to address the Board's claim that Attorney Kinast engaged in conduct involving dishonesty or misrepresentation, in violation of SCR 20:8.4, by withholding from the guardian ad litem the fact that he had interviewed the children.

The Board also contended in its appeal that Attorney Kinast's preparation of a budget for his former client to present at the divorce hearing was a violation of SCR 20:1.16(a), which requires a lawyer to withdraw from representation of a client if discharged. The Board argued that his preparation of the budget document was not the kind of activity contemplated by SCR 20:1.16(d) requiring a lawyer to "take steps to the extent reasonably practicable to protect a client's inter-

ests" upon termination of representation. The examples of those "steps" set forth in the rule concern reasonable notice to the client, allowing time for the employment of other counsel, turning over papers and property to the client and refunding any unearned advance payment of fees. The Board also asserted that Attorney Kinast violated the order of the circuit court removing him as attorney in the action, although it had not alleged in its complaint a violation of the specific rule proscribing such conduct.

The referee's conclusion that Attorney Kinast did not violate SCR 20:1.16 by preparing the budget for his former client was based on the facts that the client had limited formal education and was financially unable to obtain legal representation for the completion of the divorce. The referee apparently determined that the woman's disadvantage in appearing unrepresented at the divorce hearing in opposition to her husband and his attorney, as well as to the guardian ad litem who appeared to have determined the children's best interest adverse to her, justified Attorney Kinast's minimal assistance in preparing a budget. We disagree.

The former client's pressing need for legal assistance, the limited extent of Attorney Kinast's assistance and the fact that it apparently caused no harm do not negate a violation of the applicable ethical rules; rather, they are factors to be considered in mitigation of the seriousness of the violation as well as any discipline to be imposed for it. Attorney Kinast's preparation of a budget for his former client was in direct, knowing disobedience of an order of the circuit court directing him to cease representation of the client and violated SCR 20:3.4(c).[4] Faced with his former client's

---

[4] SCR 20:3.4 provides, in part:

unmet need for legal assistance, Attorney Kinast had recourse other than acting in violation of the court's order. He could have informed the court by motion of his former client's inability to obtain counsel and sought court approval to provide her limited assistance. Also, contrary to his contention, Attorney Kinast's preparation of a document for his former client to introduce as evidence in the proceeding was not the kind of assistance permitted under SCR 20:1.16.

Under all of the circumstances, we determine that Attorney Kinast's professional misconduct in preparing a budget for his former client after the court had removed him as her attorney in the proceeding and specifically enjoined him from further representing her constitutes a relatively minor violation of the applicable rules and warrants a reprimand as discipline. In light of those circumstances, we do not assess against Attorney Kinast the costs incurred by the Board in this proceeding.

IT IS ORDERED that Attorney Frank X. Kinast is reprimanded for professional misconduct.

---

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c)   knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;