IN RE the MARRIAGE OF JOSHUA K. , Petitioner-
Respondent,

v.

NANCY K. (K.), Respondent-Respondent,

Peter DONOHUE, as G/A/L, Respondent,

MICAH K., Intervenor-Appellant.†

Court of Appeals

*No. 94–3420. Submitted on briefs November 7, 1995.—Decided
April 16, 1996.*

(Also reported in 549 N.W.2d 494.)

†Petition to review denied.

For the intervenor-appellant the cause was submitted on the briefs of *Thomas A. Bailey*, of *Bailey Law Offices*, of Whitefish Bay.

For the respondent-respondent the cause was submitted on the briefs of *Nancy K.*, pro se, of Lake Mills.

For the guardian ad litem-respondent the cause was submitted on the briefs of *Peter M. Donohue* and *Catherine M. Reszka* of *Phillips, Donohue & Cymerman, S.C.*, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and LaRocque, JJ.

SULLIVAN, J.   Micah K., a minor, appeals from an order denying his petition to intervene as a party in the divorce action between his parents. He asks this court to review whether a minor is entitled, under § 803.09(1), STATS., to intervene with independent counsel in a post-divorce custody dispute in which he

alleges his rights and well-being are at risk and where his guardian ad litem advocates a course of action he alleges is opposed to his own requests. We conclude that the trial court did not err in denying his petition and, accordingly, affirm the order.

Micah K. was born January 1, 1986. The judgment of divorce, granted December 16, 1988, vested Micah's custody with his father, Joshua, and denied visitation to his mother, Nancy, pending further order. Micah petitioned the court by his attorney, Thomas A. Bailey, for leave to intervene in any post-judgment proceedings. Section 803.09, STATS. Micah demanded suspension of alternate placement with his parents and incidental relief. Micah's father and Attorney Bailey each filed an affidavit in support of Micah's petition. Attorney Bailey's affidavit concedes that court-appointed guardian ad litem, Attorney Peter Donohue, represented Micah's best interest, but asserts that his recent interviews with Micah demonstrate the child's preference to permanently suspend visitation with his mother because he is frightened of her. Attorney Bailey argues the following actions committed by Nancy necessitate an individualized adversarial representation for Micah: her two abductions of Micah, one of which led to a felony conviction; her physical abuse of Micah and her threats to kill him and Joshua; her anti-Semitic remarks to Micah; and finally, her generally obstreperous behavior. Attorney Bailey avers that the purpose of his affidavit is to support Micah's petition to intervene. The petition states that, absent intervention, Micah's "rights, interests and preferences will not otherwise be advocated by the court," and that intervention will give the court an opportunity to focus

upon Micah's rights, along with those of his competing parents.

Nancy, *pro se,* filed an answer denying her alleged improper conduct and demanding dismissal of Micah's petition. Alternatively, she seeks a continuance to obtain legal representation.

In dismissing Micah's petition, the trial court determined that the appointed guardian ad litem under § 767.045(4), STATS., fulfills the child's right to be heard upon the issue of custody and physical placement. It also determined that Micah's appointed guardian ad litem fulfilled his statutory duties competently and that Micah did not require further representation by adversary counsel. Although facts concerning the merits of the custody/placement dispute are contested, the issue presented upon appeal is whether a minor has a right to intervene as a party in his parents' divorce action to protect his custody/placement interest. Application of the intervention statute under these circumstances presents an issue of law to which we accord no deference to the conclusions of the trial court. *See Old Republic Sur. Co. v. Erlien,* 190 Wis. 2d 400, 411, 527 N.W.2d 389, 392 (Ct. App. 1994).

Section 803.09, STATS., governs the intervention of parties into an action.[1] Section 767.045(4), STATS., governs the appointment of a guardian ad litem in

---

[1] Section 803.09, STATS., provides in relevant part:

(1) Upon timely motion anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

divorce actions where legal custody or physical placement is contested.[2]

On appeal, Micah argues that his guardian ad litem, as provided by subsection (4), represents the "concept" of his best interest. He argues, however, that to the extent that this "concept" does not coincide with his wishes, these wishes go without advocacy by the guardian ad litem. He contends that *Wendland v. Wendland,* 29 Wis. 2d 145, 138 N.W.2d 185 (1965), first recognized that minor children in a divorce are "interested and affected parties" for whom the court should be concerned in custody determinations.

---

**(2)** Upon timely motion anyone may be permitted to intervene in an action when a movant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order or rule administered by a federal or state governmental officer or agency or upon any regulation, order, rule, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely motion may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

[2] Section 767.045(4), STATS., provides:

**(4)** RESPONSIBILITIES . The guardian ad litem shall be an advocate for the best interests of a minor child as to paternity, legal custody, physical placement and support. The guardian ad litem shall function independently, in the same manner as an attorney for a party to the action, and shall consider, but shall not be bound by, the wishes of the minor child or the positions of others as to the best interests of the minor child. The guardian ad litem shall consider the factors under s. 767.24(5) and custody studies under s. 767.11(14). The guardian ad litem shall review and comment to the court on any mediation agreement and stipulation made under s. 767.11(12). Unless the child otherwise requests, the guardian ad litem shall communicate to the court the wishes of the child as to the child's legal custody or physical placement under s. 767.24(5)(b). The guardian ad litem has none of the rights or duties of a general guardian.

Further, he argues that in *de Montigny v. de Montigny,* 70 Wis. 2d 131, 233 N.W.2d 463 (1975), the Wisconsin Supreme Court reaffirmed its *Wendland* position, stating: "[M]inor children in an action affecting marriage . . . are necessary, and indeed indispensable, parties to the proceeding and must be represented in their own capacity as parties." *Id.* at 140, 233 N.W.2d at 468.

Our analysis begins with an acknowledgment that § 767.01(1), STATS., places all actions affecting the family within the jurisdiction of the circuit court. Because § 767.045, STATS., is exclusive to family court matters, and because it provides for appointment of a guardian ad litem for custody and physical placement issues, we need not look elsewhere to determine the scope of its jurisdictional reach.

Subsection (4) unambiguously designates the guardian ad litem as the advocate for the child's best interests in legal custody and physical placement matters. It provides that the guardian ad litem shall function independently, "in the same manner as an attorney," for a party and shall consider but is not bound by the wishes of the child as to the child's best interests. The guardian ad litem may relay the child's wishes to the court as to custody or physical placement. Hence, we conclude that § 767.045(4), STATS., alone regulates the appointment of a guardian ad litem in a custody-physical placement dispute and describes the scope of representation for Micah. Further, the guardian ad litem, as provided, fulfills the supreme court's statement in *Wendland* that a child is entitled to representation in a divorce proceeding. The trial court did not err in so ruling.

*By the Court.*—Order affirmed.